While it is clear that the majority is correct in their application of the existing law in Ohio, I must respectfully dissent. A wave of insanity has swept over this area of the law. I simply do not know how a police officer can safely perform his job consistent with today's holding.
Somewhere between 1970 and 1990 an imaginary line was drawn segregating the armed forces in blue uniforms from "the enemy" which turned out to be the motoring public. Routine traffic stops, which used to be for the exclusive purpose of correcting errant driving, became the initial encounter in an adversarial proceeding between the good guys and bad guys. Police officers began wearing bulletproof armor under their shirts and "combat ribbons" on the outside. Lawyers joined the fray and civil libertarians threw down the gauntlet. From that point forward, all traffic stops signified the commencement of intricate legal maneuvers, and the actions of the officers as they activated their overhead lights signaled the beginning of a new engagement.
The case at bar clearly demonstrates the absurd level we have now reached. "Policy" now dictates that everyone who is stopped is placed in the back of the police car simply because that's the way we do it. The courts have left that decision up to the police officer, being ever so careful to ensure that the policy is "for the safety of all concerned." Such a mindless policy ignores the fundamental constitutional reality that being placed in the back of a police car, for whatever reason, is a violation of one's freedom. For the courts to permit such intrusions without so much as a cursory review speaks volumes as to how far down the path towards a police state we have really traveled.
The absurdity of a "policy" whereby "everyone" goes into the back of the car is readily demonstrated by the holding of the majority in this case. If "everyone" is being detained, doesn't "everyone" have to be searched? The obvious answer is yes; and the reason is equally obvious. It is absurd to expect a police officer to invite a stranger into the back seat of his car, and then sit in the front seat of that same vehicle while wondering whether the back seat passenger is armed. Such a proposition is sheer nonsense. The safety of the officer with his back to the passenger can only be guaranteed by a search. To suggest otherwise would be to ignore reality. To conceal the question behind high level inquiries into "furtive movements" takes us deeper into the twilight zone and away from the realities of police work.
This is a court of review, and as such, the majority has reached the right decision. However, I cannot stress strongly enough, the time has come for a policy court of this state to look at the results they are causing. It is wrong to detain everyone in the back seat of a police car. Just plain wrong. Citizens have an absolute right to sit in their own car while the officer writes a traffic citation. Once we start down the slippery slope of detaining everyone, as a matter of common sense we will arrive at the ravine of searching everyone. Then we won't need to look at the United States Constitution's prohibition against unreasonable searches and seizures, for it will have blown away like yesterday's leaves, never to be seen again.